FILED
CLERK
4/14/2015 4:02 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TRAVIS LEE HALL,

                      Plaintiff,

          -against-

SAGAMORE P.C., KINGS PARK P.C.,
M.H.F.P.C., P.P.C.,

                      Defendants.
------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-00562 (SJF)(ARL)

FEUERSTEIN, District Judge:

On January 26, 2015, *pro se* plaintiff Travis Lee Hall ("plaintiff") filed a complaint against Sagamore P.C., Kings Park P.C., "M.H.F.P.C." and "P.P.C." (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") [Docket Entry No. 1 ("Complaint" or "Compl.")], accompanied by an application to proceed *in forma pauperis*. [Docket Entry No. 2].

Upon review of the declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, plaintiff's Complaint is *sua sponte* dismissed for failure to state a claim for relief under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

I.       Background[1]

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order. *See*, *e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's Complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges:[2]

> I was in Sagamore from June 15, 1988 to Sep. 20, 1991. Went to Kings Park P.C. May or June of 1997. I went to M.H.F.P.C. for 13 months the July of 1998 then I went to P.P.C. for a little while then in Dec. of 1998 I was arested [sic] for arson [indecipherable] to M.H.F.P.C. from 1998 to 2008 Sep 18 of 08 I was in left M.H.F.P.C. and went to P.P.C. from 2008 to 2012 when I was arrested [sic] again for arson which I came back to M.H.F.P.C. on March 27, 2012 it is now 2015 Jan 21.

Compl. ¶ IV. Plaintiff has left blank the space on the form complaint that calls for a description of any claimed injuries. *Id*. ¶ IV.A. For relief, plaintiff states "I will like 10 Million but if I could go to rochester I will take 5 Million that it!!!" *Id*. ¶ V.

II.     Discussion

   A.     *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

   B.     Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that district courts are required to read *pro se* complaints liberally (*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting

---

[2]     Excerpts from plaintiff's Complaint are reproduced here exactly as they appear in the Complaint.

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. 89, 127 S. Ct. 2197 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.,* 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955); *see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought…" Fed. R. Civ. P. 8. Plaintiff's submission does not conform to the requirements of Rule 8 as it does not contain "a short and plain statement of the grounds for the court's jurisdiction" (*id*.) or a "short and plain statement of the claim showing that [plaintiff] is entitled to relief" (*id*.), but merely provides facts regarding plaintiff's arrests and requests "10 million" or "5 million" if "[plaintiff] could go to Rochester." Compl. ¶ V. Accordingly, **plaintiff's Complaint is dismissed unless he files an amended complaint in accordance with this order within thirty (30) days from the date of the entry of this order.** The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. If plaintiff fails to file an amended complaint within the time allowed, his Complaint shall be dismissed with prejudice and the case shall be closed. If plaintiff does file an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the Complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) **unless plaintiff files an amended complaint as set forth above within thirty (30) days from the date of the entry of this order.** If plaintiff does not file an amended complaint within the time allowed, his Complaint shall be dismissed with prejudice and the case shall be closed. If plaintiff files an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. The Clerk of the Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of

4

Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein\_\_\_\_\_
Sandra J. Feuerstein
United States District Judge

Dated: April 14, 2015
Central Islip, New York