FILED
CLERK
6/4/2015 1:26 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TRAVIS LEE HALL,

                Plaintiff,

    -against-

SAGAMORE P.C., KINGS PARK P.C.,
M.H.F.P.C., P.P.C.,

                Defendants.
------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-00562 (SJF)(ARL)

FEUERSTEIN, District Judge:

On January 26, 2015, *pro se* plaintiff Travis Lee Hall ("plaintiff") filed a complaint in this Court against Sagamore P.C., Kings Park P.C., "M.H.F.P.C." and "P.P.C." (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") [Docket Entry No. 1 ("Complaint" or "Compl.")], accompanied by an application to proceed *in forma pauperis*. [Docket Entry No. 2]. By Memorandum and Order dated April 14, 2015, the Court granted plaintiff's application to proceed *in forma pauperis*, dismissed the Complaint in its entirety *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief, and granted plaintiff leave to file an amended complaint within thirty days. [Docket Entry No. 8]. On May 21, 2015, plaintiff filed an amended complaint. [Docket Entry No. 11 ("Amended Complaint" or "Am. Compl.")].

I.    Discussion

    A.    The Amended Complaint

Plaintiff's Amended Complaint, submitted on the Court's Section 1983 amended complaint form, contains the following sparse allegations: "[I]n 1988 I was sent to Sagamore for a two week eval [sic] and ALL I had was a impoulscontrol [sic] disorder and very hyper active which give no reason to hold someone almost 30 years in 2018 which I don't see myself leaving

M.H.F.P.C. any time soon. I'll have 30 years all together in places like this." Am. Compl. ¶ IV. Although plaintiff has left blank the section that calls for a description of any claimed injuries, for relief, plaintiff seeks to recover "$20,000,000 to 30,000,000 for 30 [indecipherable] years please." *Id.* ¶¶ IV.A-V.

B. Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that district courts are required to read *pro se* complaints liberally (*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93, 127 S. Ct. 2197 (quotations and citation omitted); *see also Anderson*

*News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955); *see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

   C.  The Amended Complaint Does Not Allege a Plausible Claim for Relief

  Even affording the *pro se* Amended Complaint a liberal construction, plaintiff does not allege a plausible Section 1983 claim against any defendant. To the extent that plaintiff seeks to challenge his detention at M.H.F.P.C., the exclusive avenue to do so is via a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas statute has certain limitations on the filing of such petition in district court, such as state court exhaustion of the claim(s). *See* 28 U.S.C. §§ 2244(d), 2254(b)-(c). Indeed, plaintiff has already pursued habeas relief in this Court (*see* 14-civ-7541 and 15-civ-1459), and his petitions were consolidated and dismissed without prejudice for failure to exhaust his state court remedies. *See Hall v. Suffolk County*, 14-civ-7541 (SJF), Docket Entry No. 21, Order, dated May 13, 2015. Given that plaintiff has failed to allege

3

a plausible claim for relief, his Amended Complaint is *sua sponte* dismissed pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).

II.   Conclusion

For the reasons set forth above, plaintiff's Amended Complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). The Clerk of the Court is directed to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein_____
Sandra J. Feuerstein
United States District Judge

Dated:  June 4, 2015
        Central Islip, New York